# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CURTIS LEE
LATONYA LEE                                                                          PLAINTIFFS

V.                                                                          CASE NO. 4:09CV86

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY
WILLIAM TODD NOKES                                                          DEFENDANTS

## ORDER

This cause comes before the court on the motion to remand of plaintiffs, Curtis and Latonya Lee.

On July 14, 2009, the Lees filed suit in Washington County Circuit Court against defendants, Nationwide Property & Casualty Insurance Company ("Nationwide") and William Todd Nokes.

The suit alleges the Lees contacted Nokes, an agent for Nationwide, about obtaining home insurance. Nokes filled out an application for the Lees. Nationwide then issued a policy. Approximately six weeks after the policy issued the Lees' home burned. Nationwide "dishonor[ed], revoke[d] and refuse[d]" to pay on the policy. Nationwide failed to pay the policy because of allegations the Lees burned their house and made misrepresentations in filling out the application for coverage.

The complaint claims Nationwide is liable for breach of contract. The accusation against Nokes is less clear. The complaint itself alleges negligence or alternatively gross negligence but does not create a clear picture of where his liability might arise. In the briefing of this issue the

Lees assert Nokes' liability arises because he falsely filled out the insurance application in order to sell a policy and those incorrect answers caused Nationwide to deny coverage to the Lees.

Nationwide claims the complaint does not state a claim against Nokes and that he is fraudulently joined in this action to defeat diversity jurisdiction. Under such an argument the removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. Hart v. Bayer Corp., 199 F.3d 239, 246-47 (5th Cir. 2000). The Fifth Circuit has recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." Travis v. Irby, 326 .3d 644, 648 (5th Cir. 2003)(citing Badon v. RJR Nabisco Inc., 224 F.3d 382, 286 (5th Cir. 2000)).

Generally under Mississippi law an agent is jointly liable for his negligent conduct which creates liability for his principal. *Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Ass'n*, 560 So.2d 129, 134-35 (Miss. 1989) (citing *Leathers v. Aetna Cas. & Sur. Co.*, 500 So.2d 451, 453 (Miss. 1986); *Schoonover v. West American Ins. Co.*, 665 F. Supp. 511, 516 (S.D. Miss. 1987)).

However, where the cause of action brought is solely for breach of contract no individual liability exists because the duty of the parties is one solely in contract. *See, e.g. Schoonover*, 665 F.Supp. at 516.

Nationwide argues this is the applicable law under the instant facts. It is true that the Lees have brought a breach of contract claim against Nationwide. However, they have also brought a tort claim that Nokes was grossly negligence in incorrectly filling out the insurance application. As stated above Nationwide denied the Lee's claim on multiple grounds. Without this claim the Lees might be able to prove they did not burn their house, but still not be able to recover. Since Nationwide also denied the Lees' claim on grounds the insurance application contained false information, the Lees will need to prove both claims in this action.

Nokes was under a duty to reasonably fill out the insurance application. There is an allegation that he breached that duty and that his breach was responsible for the Lees' damages. This is enough to support a potentially valid tort claim.

Nationwide next argues that even if such a claim exists it was not properly stated in the initial state court complaint. The court agrees that the complaint is vague. However, both the Federal and Mississippi Rules of Civil Procedure call for a liberal pleading standard. Fed. R. Civ. P. 8; Miss. R. Civ. P. 8. The United States Supreme Court has consistently held the Federal Rules do no require great specificity in pleadings. *See, e.g. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) (holding failure to state the *prima facie* elements of a discrimination claim did not warrant dismissal). Liberal pleading standards are designed to give notice of the type of suit brought. *See De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 Fed. Appx. 533, 537-538 (5th Cir. 2005) (discussing the Texas Rules of Civil Procedure).

The pleadings in this instance put Nokes on notice of the claims brought against him. In

addition to laying out the applicable facts the complaint states

> Nokes was negligent and/or grossly negligent in failing to properly record information provided by the Plaintiffs in the process of their application for insurance and such negligence proximately contributed to Plaintiffs' damages.

Based on the above reasoning the court finds there is no fraudulent joinder. The instant matter is remanded to Washington County Circuit Court.

The Lees' motion to remand [6] is GRANTED.

This the 27th day of April, 2010.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**